Okay. Thank you, Your Honor. Second Every word you say is important. You don't want to miss a single one. Absolutely, Your Honor. Thank you. Second, if this Court declines to review the discretionary determinations of the Board of Immigration Appeals, we would hold that, or we would argue that the statute 8 U.S.C. 1252 A2B, which deprives this Court of the ability to review discretionary decisions, is unconstitutional as applied to the U.S.-born children, Robin and Brenda Herrera. I believe that there is sufficient ground to resolve this appeal on the first issue, revolving effective assistance of counsel, and I will turn to that first. In their motion to reopen, which they filed pro se, the petitioners raised, albeit briefly, they raised their underlying counsel's ineffective assistance at the hearing before the immigration judge regarding the cancellation and removal. The two issues that they raised in that pro se motion to reopen is that their underlying counsel, James Rosenberg, told petitioners to misstate the time of entry into the United States, and also refused or didn't pursue one of the petitioners' claims that he had applied for a late amnesty under IRCA. You're still talking too fast. Okay. My apologies. I mean, I missed the last part. There's nothing wrong with my hearing. It's the last clause. Okay. Well, essentially, Your Honor, the petitioners raised an ineffective assistance of counsel claim with respect to their merits hearing. Some of the issues regarding their ineffective assistance, with respect to the U.S.-born children, the counsel failed to question the child, simply offered a proof as to what the child would testify to, and refused to offer any evidence as to the hardship that the other child, Brenda Herrera, would face. In fact, in the ---- Justice, were you required to exhaust your administrative remedies by arguing ineffective assistance before the BIA? Well, we believe that they did raise the issue of ineffective assistance. And how did they raise it specifically? Specifically in their motion to reopen. And it was a pro se motion to reopen. And this Court has held in the past that pro se litigants are quoted a little bit less of a stringent standard than with respect to pleadings than would be presented by an attorney. But they raised ineffective assistance by stating, you know, the misrepresentations that Attorney Rosenberg had made, as well as the attorney's refusal to pursue their claim that they applied for late amnesty. We feel that that is sufficient before the BIA to raise the ineffective assistance of counsel claim. Indeed, as this Court has recognized that in a couple of cases, mainly Granada Square, that exhaustion of that ineffective assistance of counsel wasn't necessarily required before the BIA, that it could be raised for a first time on appeal. And having said that the petitioners raised the ineffective assistance of counsel claim in their motion to reopen, we believe that the BIA abused its discretion in refusing to reopen the case so they could further pursue and further develop their argument and develop the evidence as respect to what the counsel did at the immigration, the hearing before the immigration judge. Well, James Rosenberg represented the Herreras before the IJ. Is that right? That is correct. And during that hearing, didn't he kind of undercut his client's position by making statements like to the IJ, it's difficult to sit here and say this is an extreme, unusual, outrageous hardship? And when they talked about the impact on the children, he said something like, well, it's no big deal. That is correct, Your Honor. His exact statement was, be perfectly honest, it's a language problem and no big deal. And he also stated on the record in his summation, we don't have anything truly exceptional about anybody in here except a desire to succeed. Indeed, you know, this certainly has prejudiced my client in their hearing before the IJ. He effectively argued the case for the government, you know, with respect to his statements that he made. Then the Herreras retained another lawyer named Stitz. That is correct. For the appeal to the BIA. The retention of Attorney Stitz was essentially a referral from Attorney Rosenberg. And one might argue that, you know, what incentive would one attorney have to raise an IAS? So Rosenberg referred the Herreras to Stitz? Correct. And were they in the same group of lawyers? Were they associated in any way? No. No, they were not. Were they working through a notorio? The record isn't clear on that, Your Honor. But we would like the opportunity to, you know, develop that evidence and present it to the BIA in a motion to reopen. Well, did you know that Rosenberg had previously been disciplined by the State Bar? That is correct. As we mentioned in our briefs, one of the bases for ineffective assistance to the counsel was that James Rosenberg was actually suspended from the practice of law for the month prior to their cancellation removal hearing. He was only reinstated a couple weeks before that hearing. And as such, the petitioners really didn't have an opportunity to meet with Attorney Rosenberg during that process in order to fully prepare them as to what they would need to present at this cancellation hearing. In fact, if you look at the questioning, as we highlight in our opening brief, some of the questioning between Rosenberg and the petitioners, Lidio and Soledad, basically demonstrated the lack of preparation that they had going into the hearing and really the hostile manner within which their own attorney questioned them with regard to educational opportunities in Mexico and with regard to possibility for employment  The question that bothers me here is they're not asserting any collusion between Rosenberg and the new lawyer. I mean, they were not associated in the same firm. So here we have new counsel. New counsel could have raised the ineffective assistance counsel claim because of Rosenberg, either on a timely motion to reopen or on a direct appeal. So why should it be allowed now? Well, their attorney did fail to raise that. Are you saying both lawyers were ineffective? No. I'm saying that Stitz did not pursue that. And then the petitioners, a while later in their motion to reopen, did decide to pursue that in their motion to reopen. Well, I mean, Stitz didn't raise the ineffective assistance issue because he got this business from Rosenberg. Isn't that what you just said? That's a possibility. Again, the record doesn't explicitly provide that. But we would like to pursue that and identify that on remand. I see I'm running out of time here. I just do want to focus on the constitutional aspect. If this Court decides to decline to review the motion to reopen on discretionary grounds, as we stated in our briefs, the effect of the cancellation removal hearing with respect to the U.S. citizens and children. How old are these children? At the time of the hearing, they were 6 and 12. Now they're 12 and 18. They're 12 and 18 now? 12 and 18. And there's a boy and a girl? That's correct. The son is the older of the two. The son is the older. And how old is the girl now? The girl is 12. She's attending Yorba Linda High School. She's in honors programs there. Speak up. She is 12 years old now. She's attending Yorba Linda High School and Middle School. She's in an honors program there. Honors program? Correct. So where the BIA has found that special education as a basis for granting or for funding the exceptional, extremely unusual hardship here, you know, we have a situation where now if this thing was to be sent back to the immigration judge, I think there is sufficient finding with respect to the two children, namely the daughter being in specialized education and the continued acculturation to the U.S., that such a hardship would play on them if their parents were deported, whether or not they would choose to go with their parents to Mexico. Is the son still in school? The son is in. How? The son is at Santa Ana Community College. Of course, these are the hardships that would be faced by anybody. And he's tied to Vecinas, and in Vecinas there was a single mother with six children. Anybody who is sent back, of course, is going to face some hardships. So the question is whether this is an exceptional case. What is exceptional about this case? Well, the petitioners come from a poor region of Mexico, Pueblo region. Lidio Herrera will be unable to find work there. In the U.S. he's been working in a factory. The region that they come from is just agricultural, and at his age, which is roughly the mid-50s now, he feels that he's unable to go to work into the fields in the agricultural industry. At the time of the cancellation hearing, the children's Spanish skills were very rudimentary. The son would mix Spanish and English. Presumably now it has gotten a bit better. These are hardships, and I am very sympathetic to these. The problem is in trying to apply the law in a fair and just way to those who are here legally as opposed to those who are here illegally, we have to find some, in my opinion, exceptional basis for treating this family differently than we would treat any family that came in here illegally. And that's what I'm seeking to find. I understand, Your Honor. Essentially, just the reasons that we laid out in the brief and the argument, those would be the hardships that these children face. And just with respect to the ineffective assistance claim, this Court has held that it's not what they're able to prove at this point, but it's the fact that, and I think the case is Mera Via, Mera Via, but it's what they were prevented from proving at the underlying hearing before the immigration judge. So what we're essentially looking for is just a fair opportunity for the petitioners to go back to the BIA or to go back to the immigration judge and be able to present their justifications with confident counsel. All right. Thank you. Thank you. If possible, I'd like to reserve one minute for rebuttal. May it please the Court. My name is Sue Wong, and I represent the Respondent of the United States. Your Honor, at the outset, the petitioners received a full and fair hearing before the immigration judge in their underlying cancellation removal case. At the time of the hearing, the children had no outstanding issue that would warrant a finding of exceptional and extremely unusual hardship. Now, they appealed to the Board of Immigration Appeals, and the Board affirmed the immigration judge's decision, and the petitioners chose not to file a petition for review before this Court. And then a year and a half past the deadline to file the motion to reopen, the petitioners then decided to file a motion to reopen. Now, counsel is arguing that the petitioners raised ineffective assistance of counsel in their motion to reopen. The government submits that they did not. The only point that they raised was that Mr. Rosenberg told him to say that his date of entry was 1987 instead of 1981. Now, that goes to the necessary continuous physical presence that you need in hardship, and it has nothing to do with the cancellation application in terms of hardship. Now, the petitioner also conceded to removability in which the notice should appear indicates that he arrived by 1987. You're saying Rosenberg applied effective assistance of counsel? Yes, Your Honor. There was nothing more that Mr. Rosenberg could have done to add to that. Well, that is not the point. There is nothing more he could have done. We don't know that. Right, Your Honor. We don't know that because it wasn't raised below. We don't know that. We didn't have information. Look, we know that I know, and I think that many of us know, that a disbarred lawyer can practice before the Immigration Court. Do you know that? Your Honor, I respectfully disagree that it's not the case. Well, that's as far as I'm concerned. That's the way it is. And, you know, we've had some of your top people speak to us, and they have admitted that. The view is it's better to have a disbarred lawyer than no lawyer. And then we also know that this whole system of the way these people are represented is, in many aspects, corrupt, morally corrupt. We have notorios that are advising people. We have appearance lawyers, probably like Rosenberg and some of these others, that work with these notorios. And there's some evidence now that we've some thought in my mind that Rosenberg just didn't have the time to sit down and go over these cases with these people, and that's the way these appearance lawyers operate. Your Honor, I Then he undercuts his clients before the IJ. And then he turns the matter over to another lawyer. We don't know much about him. Your Honor, I understand the Court's concern, but there's no evidence in the record Well, it's the Justice Department's concern, too. Your Honor, I understand The Justice Department is concerned about this. Your Honor, if I could Are you with the Justice Department? Yes, Your Honor. If I could proceed What do you do for the Justice Department? I'm sorry? What is your work at the Justice Department? Your Honor, can I proceed with the case? Can't you just answer my question? Are you a specialist in immigration matters? Yes, Your Honor. I worked for immigration when immigration used to be immigration back in the 90s. And then I worked for the U.S. Attorney's Office in criminal matters. And now I'm before the Office of Immigration and Litigation doing immigration work. So my immigration background is quite extensive. Well, I'm happy to hear that because many times we get lawyers that come out here from Washington I understand, Your Honor, but that have no background to speak of in immigration law. Right. Your Honor, I am saying I understand the Court's concern about Mr. Rosenberg. However, the Petitioners in this case had another attorney, and they filed their appeal to the Board, and nothing was ever raised before the Board about the ineffective assistance of counsel. Now, counsel can argue that Mr. Rosenberg forwarded this case to Mr. Stitz, but there's nothing in the record to indicate that, and neither one of those attorneys were in the same office. Doesn't the fact that Mr. Stitz never raised this ineffective assistance of counsel before the BIA tell you something? Your Honor, it — Mr. Stitz, I — the Petitioners are not arguing that Mr. Stitz are ineffective. Again, Petitioners never raised this below, and so the only issue that is proper before this Court right now is whether or not the Board abused its discretion when it denied the motion to reopen. And in this case, they did not because it was one-and-a-half years past the deadline for filing motions to reopen. Now, Petitioners at that time could have raised the ineffective assistance of counsel, and also they didn't do so. The Petitioners then filed Petition for Review of that matter before this Court. Now, again, the only issue is — We're dealing with unsophisticated people. Your Honor, as that may be it, Your Honor, there's nothing that prevents the Petitioner now filing a motion to reopen before the Board to raise these issues of ineffective assistance of counsel. Your Honor, the Petitioner had a full and fair hearing before the immigration judge.  was petitioned to this Court, this Court would not have jurisdiction to review the exceptional and extremely unusual hardship in any event. And so in a motion to reopen, even if this Court were to remand the case, the Petitioners would not get the relief that they want anyway. It would just go back to the Board for them to determine a motion to reopen. And the criteria for a motion to reopen is whether there was a mistake of fact or law. And in this case, there isn't. And so either way, the petition before — Petition for Review before this Court, there is nothing that Petitioner can obtain, even if this Court were to remand it, because the Court is not — does not have jurisdiction to review the hardship issue. Petitioners did not appeal that issue. So the bottom line is we break up these families. We have kids born — Your Honor, we're not saying that. We're not saying that.  Your Honor, Petitioners — That's what happens. You have kids born in this country. They're American citizens. Yes, Your Honor, but they can choose to stay here or go with their parents. We're not separating families, Your Honor. They can choose to stay here or go with their parents. But you're depriving American children of their birthright. Your Honor, they can choose to stay here or go with their parents. It is not up to the U.S. government to tell them to stay here or go with the government. They're United States citizens. You're going to tell that to an 11- or 12-year-old girl? Your Honor, again, it's — we — as Judge Nelson stated earlier, that is unfortunately the case. Petitioners are here illegally, and there's nothing — there's no other avenue for them to obtain their legal status, and that is the reality of it. Your Honor, and again, in terms of the argument that Petitioner — that Petitioner made about the constitutionality of the United States citizen children to challenge the exception of an extremely unusual hardship, again, first of all, this — the cancellation of removal application is not before this court, and so for the petitioner to challenge that, it is improper. And secondly, even if it were before this court, the United States citizen children are not parties to this case. And so they cannot assert their — their right, their constitutional right into this case. Again, we asked the court to look at what the issue is that is properly before this court, and that is whether or not the board abused its discretion in denying the motion to reopen. And also, in terms of the denying the motion to reopen sua sponte, the board found no exception circumstance, and we asked this court to affirm that as well. And furthermore, under this court's case law in — excuse me, it can be on — the court specifically states that because there's no standard review to be applied in sua sponte reopen, this court cannot review that — that denial. Therefore, we asked the court to deny and dismiss this case, and the government submits on the brief. Your Honor, the petitioners are asking this court to review the — the motion to reopen, specifically that they raised an ineffective assistant counsel claim within that motion to reopen. The Supreme Court in Haynes v. Kerner, 404 U.S. 519, said that pro se with against are held to less stringent standards than formal pleadings drafted by lawyers. And indeed, this court recognized that claims may be exhausted even if the applicant did not use precise legal language. That's Lada v. INS 215 F3D, F3rd 894. It's clear by looking at the underlying cancellation removal hearing that they did receive ineffective assistance of counsel. As Your Honor noted, the — Attorney Rosenberg stated, it's difficult to sit here and say this is an extreme, unusual, exceptional, outrageous hardship. To be perfectly honest, it's a language problem and no big deal. With regard to Respondent's claims of — that this court cannot review the constitutionality affecting the children, we submit that this court does have jurisdiction to hear that. The government's position is that there's — the children's rights aren't infringed because they can choose to go with their parents to Mexico. And that's basically not how the contours of the right to family unity apply, as this Supreme Court has noted in Moore v. City of East Cleveland, 431 U.S. 494. In that case, the court struck down its unconstitutional ordinance, notwithstanding the contention that there's an ordinance prohibiting certain family members living together within the city. The court struck that down, notwithstanding the availability to move outside that city and be outside the ambit. One of the problems with your argument, counsel, is to grant the right to the children would create a tremendous incentive for aliens to have children as soon as possible upon entering the United States. But the purpose of showing their status here — the problem is we have laws prohibiting illegal aliens. This is a problem I have with these cases. How I would feel personally about this is really totally irrelevant. It's my job here to decide whether or not, under our laws as they now stand, these people are eligible to return. I asked about exceptional circumstances here. I didn't hear any at all, other than it would be horrible to have to go back to Mexico for these people, whether they're farmers or urban, et cetera. Is there any argument that you can give me to show me that under the laws as they now stand, that these people should be permitted to return, to stay? Well, considering that this Court has jurisdiction to review the ineffective assistance claim, I believe that there is a sufficient basis in this Court's law to remand this to the BIA so they can pursue that on their motion to reopen. With regard to the exceptional and extreme hardship, just because they weren't able to present that now and do not have evidence now to present that doesn't foreclose them from the opportunity to pursue that on remand. All right. I understand your argument. So what you're saying is that they received ineffective assistance of counsel and that the matter ought to be sent back for a hearing in which they're represented by effective counsel?  All right. Thank you very much. Thank you. The matter stands submitted.
judges: Pregerson, D.W. Nelson, Fernandez